IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-81 |
| | ) | |
| | ) | JUDGE VARLAN |
| JOHNNY RAY SAMMONS | ) | |

**SENTENCING MEMORANDUM**

Comes now the Defendant, Johnny Ray Sammons, by and through undersigned counsel and pursuant to EDTN Local Rule 83.9(k), United States v. Booker, 125 S.Ct. 738 (2005), and other authorities, and respectfully submits the following Sentencing Memorandum for the Court's consideration. Mr. Sammons is currently scheduled to be sentenced on August 27th, 2015.

Mr. Sammons has filed notice of no objections to the Presentence Report (PSR).

**Sentencing:**

**A. The Sentencing Guidelines are subordinate to 18 U.S.C. § 3553(a)**

The Sentencing Reform Act is quite explicit about the role of 18 U.S.C. § 3553(a) in sentencing determinations. 18 U.S.C. § 3582(a) specifically states:

The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Further, 18 U.S.C. § 3661 provides that:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

The sentencing mandate is the overriding principle of Section 3553(a). The mandate requires courts to impose a sentence "*sufficient, but not greater than necessary*," to comply with the four purposes of sentencing set forth in Section 3553(a)(2). (Emphasis added). The four purposes of 3553(a)(2) are:

> (A) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
>
> (B) the need to afford adequate deterrence to criminal conduct;
>
> (C) the need to protect the public from further crimes of the defendant; and

>	(D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

The sufficient-but-not greater-than-necessary sentencing mandate is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in § 3553(a). It sets an independent limit on the sentence a court may impose.

In determining the sentence minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentence available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4)the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7). Neither the statute nor <u>Booker</u> suggests that any one of these factors is to be given greater weight than any other factor. What is clear is that all factors are subservient to § 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four policy purposes of sentencing.

In the post Apprendi/Booker/Fanfan world, District Court judges are

accorded much more latitude in crafting the appropriate sentence. In Rita v. U.S.*,* 127 S.Ct. 2456, 2473 (2007) Justices Stevens, J. and Ginsburg, J., concurring wrote, "The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. See USSG. Manual §§ 5H1.1-6, 11, and 12 (Nov. 2006). These are, however, matters that § 3553(a) authorizes the sentencing judge to consider. See, *e.g.,* 18 U.S.C. § 3553(a)(1))."

"[I]t is fair to *assume* that the Guidelines, insofar as practicable, reflect a *rough approximation* of sentences that *might* achieve § 3553(a)'s objectives." Id. at 2465 (majority opinion) (emphasis added). The sentencing judge may take into consideration that the Guidelines sentence should not apply "because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations..." Id. at 2465.

Mr. Sammons was arrested at his workplace in Gatlinburg. Shortly there after, Mr. Sammons provided officials access to his computer and email and offered to provide them with passwords to various sites he visited. Mr.

Sammons was arraigned June 23, 2014. He was appointed counsel. Then he was provided substitute counsel in January of 2015. He then entered a plea agreement February 25th, 2015. Other than to substitute counsel no pretrial litigation was conducted.

Mr. Sammons accepted responsibility for his acts quickly. He entered his plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) to a range between 324 to 405 months. This is exactly what the United States Sentencing Guidelines would suggest as set out in the PSR. (PSR, Paragraphs 21-73 and 94). Mr. Sammons would point out that in essence he pled blind in that he didn't seek much leniency in return for his guilty plea, as further proof his acceptance of responsibility.

As pointed out in the PSR, Mr. Sammons was a victim of sexual abuse himself and did not discuss the events even with his wife. (PSR paragraph 83). The type of actions one normally sees in these circumstances where a victim does not get help with the emotional scars and ends up repeating the cycle. Mr. Sammons situation was further complicated by PTSD he suffered while serving his country in the military.

The acts involved a relatively short period of time and there is no indication that these acts while serious and egregious in nature were anything but abhorrent behavior as he managed to reach age 33 without prior criminal

history.

Mr. Sammons is 33 years old. Should this court grant his request for a sentence at the lower end of the range, 324 months, he would be 60 years old at the time of his release. Such an outcome would not do violence to either statutory or guideline sentencing considerations.

Respectfully submitted,

S/ Mike Whalen
Mike Whalen
BPR #018955
905 Locust Street
Knoxville, TN 37902
(865) 525-1393

# CERTIFICATE OF SERVICE

I hereby certify that on August 13th , 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system. Specifically, service is being made electronically to:

Matthew Morris
Assiatand United States Attorney
United States Attorney's Office

S/ Mike Whalen
905 Locust Street
Knoxville, Tennessee 37902
(865) 525-1393